<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ──────────────────── | : |
| LESSY ELBA MARTES-ESTRELLA, | : |
| | :   Civil Action No. 07-2033 (KSH) |
| Petitioner, | : |
| | : |
| v. | :   **O P I N I O N** |
| | : |
| BOARD OF IMMIGRATION APPEALS, | : |
| | : |
| Respondent. | : |
| ──────────────────── | : |

**APPEARANCES:**

> LESSY ELBA MARTES-ESTRELLA, Petitioner <u>Pro</u> <u>Se</u>
> 133-18 145th Street
> Jamaica, New York 11436

**HAYDEN, District Judge**

Petitioner, Lessy Elba Martes-Estrella, is an alien currently awaiting removal and detained in a correctional facility in the State of New Jersey.   Petitioner has submitted a petition for a writ of mandamus under the All Writs Act, and for a writ of habeas corpus under 28 U.S.C. § 2241.   Petitioner has paid the $5.00 filing fee for a habeas petition.

## <u>BACKGROUND</u>

Petitioner states that she is a native and citizen of the Dominican Republic, but has a permanent home residence in the United States in Jamaica, New York.   Petitioner filed a motion to reopen her immigration case before the Board of Immigration Appeals ("BIA") in February 2007.   Apparently, a decision was issued by

the BIA in March 2007, but she has not received a copy of the decision.   Petitioner states that she has marked all her communication with the BIA with her home address in Jamaica, New York.   However, the official address on her file, according to the filing receipt she received after filing the motion to reopen with the BIA, shows a detention facility in Cottonport, Louisiana.

Petitioner claims that at the time she filed her motion to reopen, she was in the custody of federal authorities in Connecticut, not Louisiana.   She further states that she was released from federal custody to the custody of the Department of Homeland Security ("DHS")[1] in New York City, and then was taken to a correctional facility in New Jersey, where petitioner remains to date.   Petitioner alleges that control of her immigration case remains at 201 Varick Street, Manhattan, New York.

---

[1] The Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135, transferred the immigration enforcement functions of the Commissioner of Immigration and Naturalization (or any officer, employee, or component of the Immigration and Naturalization Service ("INS")) to the Secretary of Homeland Security.  As of March 1, 2003, the INS ceased to exist and its functions were transferred to the Department of Homeland Security ("DHS").  The former INS's enforcement, detention, and removal functions are within the responsibility of the Bureau of Immigration and Customs Enforcement ("BICE").

Petitioner seeks to have proper service of the BIA's March 21, 2007 decision in her case to be made on her permanent home address in Jamaica, New York.   She also seeks to have her case remanded for a § 212(c) relief waiver hearing, and an Order issued to stay her removal from the United States.   As stated above, petitioner brings this action under 28 U.S.C. § 2241[2] and the All Writs Act, 28 U.S.C. § 1651.

<u>**DISCUSSION**</u>

A.   Standard of Review

A writ of habeas corpus shall not extend to a prisoner unless she is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.   See <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).   A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.   See <u>Royce v. Hahn</u>, 151

---

[2]   Section 2241 provides in relevant part:
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.  ...
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ...
.

F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert</u>. <u>denied</u>, 399 U.S. 912 (1970).   Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief.   <u>See</u> <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert</u>. <u>denied</u>, 490 U.S. 1025 (1989).   <u>See</u> <u>also</u> 28 U.S.C. §§ 2243, 2255.

B.   <u>Claim for Habeas Relief</u>

Petitioner appears to seek review of the BIA's denial of her motion to reopen to consider applicability of a § 212(c) waiver relief from deportation.   Petitioner also seeks a stay of her removal pending review of her claim for § 212(c) relief.   In short, petitioner is asking this Court to review certain immigration orders affecting her removal from the United States.

Denials of motions to reopen or for reconsideration by the BIA are reviewed by the Court of Appeals for the appropriate district, and not the federal district court.   <u>See</u> <u>Barker v. Ashcroft</u>, 382 F.3d 313, 315-16 (3d Cir. 2003)(denial of motion to reopen reviewed by circuit court under "abuse of discretion" standard); <u>Sevoian v. Ashcroft</u>, 290 F.3d 166, 169 (3d Cir. 2002); <u>Tipu v. INS</u>, 20 F.3d 580, 582 (3d Cir. 1994)("[d]iscretionary decisions of the BIA will not be disturbed unless they are found to be 'arbitrary, irrational or contrary to law'"); <u>Dastmalchi v. INS</u>, 660 F.2d 880, 885, 886 (3d Cir. 1981).

In this case, petitioner admits that the BIA denied her motion to reopen on March 21, 2007.   Thus, her request to have the matter remanded for a § 212(c) waiver relief

hearing and a stay of removal more appropriately should have been filed as a petition for review with the United States Court of Appeals for the Second Circuit.[3]   Petitioner had not demonstrated that she appealed to United States Court of Appeals for the Second Circuit for review of the decision of the BIA to deny her motion to reopen.

Moreover, the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005), expressly provides that a petition for review of the immigration orders challenged by petitioner, which affect her removal from the United States, may only be filed with the appropriate Court of Appeals, in this case, the Second Circuit.   See 8 U.S.C. § 1252(b)(2).

Therefore, any challenge that petitioner may be attempting to make in her petition before this Court with regard to the BIA denial to reopen or for § 212(c) waiver relief, including her request for a stay of removal, must be filed with the United States Court of Appeals for the Second Circuit.   This Court lacks jurisdiction over petitioner's claims challenging her removal and the BIA's denial of her motion to reopen, and the petition seeking such relief should be dismissed accordingly.

However, whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."   28 U.S.C. § 1631.   Here, it is clear that petitioner seeks review of the denial of her motion to reopen, and that she has mistakenly brought her action in the wrong court.   Therefore,

---

[3]   Petitioner states that her immigration case is pending at DHS offices in Manhattan, New York.

this Court finds it in the interests of justice to transfer this matter to the Court of Appeals for the Second Circuit.

C.   Claim for Mandamus Relief

Finally, petitioner seeks relief under the All Writs Act or by petition for a writ of mandamus, pursuant to 28 U.S.C. § 1651.   Specifically, petitioner asks that the BIA perform proper service of its March 21, 2007 decision at petitioner's permanent home address.

The Mandamus Act vests the district court with original jurisdiction over any action in the nature of mandamus to compel an officer or agency of the United States to perform a duty owed to a plaintiff.   See 28 U.S.C. § 1361.   It is well-established that a writ of mandamus is an extraordinary remedy, to be granted only in extraordinary cases. See Heckler v. Ringer, 466 U.S. 602, 616 (1984); United States v. Olds, 426 F.2d 562, 565 (3d Cir. 1970).   Mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt."   Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992).

The Supreme Court has set forth conditions to be established before mandamus relief is granted:   (1) that plaintiff has a clear right to have his application adjudicated; (2) that defendants owe a nondiscretionary duty to rule on the application; and (3) that plaintiff has no other adequate remedy.   See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Kerr v. United States District Court, 426 U.S. 394, 403 (1976)(party seeking issuance of the writ must "have no other adequate means to attain the relief he desires" and must show that his "right to issuance of the writ is clear and indisputable"); United States v. Ferri, 686 F.2d 147, 152 (3d Cir. 1982), cert. denied, Matthews v. U.S.,

459 U.S. 1211 (1983).   Even where this burden is met, the court has discretion to deny

the writ, "even when technical grounds for mandamus are satisfied."   Coombs v. Staff

Attorneys, 168 F. Supp.2d 432, 434-35 (E.D. Pa. 2001)(citation omitted).

Here, the Court finds that petitioner has not shown that her right to the writ is

clear and undisputable.   While technically petitioner asks that the BIA decision be

mailed to her home address, a simple, ministerial task, it is plain from review of the

petition that petitioner is actually seeking review of the BIA's denial to reopen her case,

and another opportunity for review of her claim for § 212(c) relief and waiver.   As stated

above, such relief is more appropriately addressed to the Court of Appeals on a petition

for review.

Moreover, while petitioner claims she has not received a copy of the BIA's March

21, 2007 decision, she does not indicate that she has made a letter request to the BIA

to send her a copy of the decision, which has been refused.   In fact, Petitioner attaches

to her pleading, a copy of a February 21, 2007 Notice from the Office of the Clerk for

the BIA, which states that BIA records indicate that petitioner has moved.   The Notice

informed petitioner that she must file a Form EOIR-33/BIA and return it to the BIA

immediately, otherwise, future correspondence would continue to be sent at the

last-given official address.[4]   Petitioner attaches an incomplete change of address form

that plainly lacks verification that proof of service of the address change form was made

on the BIA as required.

---

[4]   The Notice showed petitioner's official address listed at
a detention facility in Cottonport, Louisiana.

Consequently, this Court finds that petitioner has other means available to her to obtain a copy of the BIA's March 21, 2007 decision, which she has not pursued, and that there are no extraordinary factors demonstrated to warrant resort to a petition for a writ of mandamus.    Therefore, this claim for mandamus relief will be denied for lack of merit.

<u>**CONCLUSION**</u>

For the reasons set forth above, petitioner's habeas claims, seeking review of the BIA's denial of her motion to reopen,   consideration of § 212(c) relief from deportation, and a stay of removal, will be severed and transferred to the United States Court of Appeals for the Second Circuit.   However, petitioner's claim for mandamus relief will be denied for lack of merit.   An appropriate order follows.

 /s/ Katharine S. Hayden
KATHARINE S. HAYDEN
United States District Judge

Dated:  8/23/07